The mother appeals from a judgment entered after trial that, among other things, gave the parties shared legal custody of the child, denied the mother's request to remove the child to Pennsylvania and ordered the child's return to Massachusetts after the 2016-2017 school year, and set alternative parenting schedules depending on whether the mother returned to Massachusetts. On appeal, the mother argues that (1) the judge did not consider all the factors identified in Yannas v. Frondistou-Yannas, 395 Mass. 704, 711 (1985), and (2) the judge abused her discretion when she concluded that it was in the child's best interests to return to Massachusetts. We affirm.
We review a judge's decision regarding the removal of a child for "abuse of discretion or an error of law," accepting the judge's findings unless shown to be clearly erroneous. Id. at 712. "A finding is 'clearly erroneous' only when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Basis Technology Corp. v. Amazon.com, Inc., 71 Mass. App. Ct. 29, 36 (2008), quoting from Demoulas v. Demoulas Super Mkts, Inc., 424 Mass. 501, 509 (1997). A judge abuses her discretion where she "ma[kes] a 'clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting from Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).
Under G. L. c. 208, § 30, as amended by St. 1986, c. 462, § 9, a minor child who is under the "suitable age to signify his consent" cannot be removed from Massachusetts "without the consent of both parents, unless the court upon cause shown otherwise orders."[2] "Cause" in this context means "only that the removal must be in the best interests of the child." Yannas, supra at 711. To determine the best interests of the child, "the first consideration is whether there is a good reason for the move, a 'real advantage.' " Ibid. The judge is then to look at a number of factors "collectively" to determine "the best interests of the child." Id. at 712. "The relevant factors are: (1) whether the quality of the children's lives will be improved, including any improvement that 'may flow from an improvement in the quality of the custodial parent's life'; (2) any possible 'adverse effect of the elimination or curtailment of the child[ren]'s association with the noncustodial parent'; (3) 'the extent to which moving or not moving will affect the [children's] emotional, physical, or developmental needs'; (4) the interests of both parents; and (5) the possibility of an alternative visitation schedule for the noncustodial parent." Murray v. Super, 87 Mass. App. Ct. 146, 150 (2015), quoting from Dickenson v. Cogswell, 66 Mass. App. Ct. 442, 447 (2006). "Every person, parent and child, has an interest to be considered. The judicial safeguard of those interests lies in careful and clear fact-finding ...." Yannas, 395 Mass. at 712. See generally Miller v. Miller, 478 Mass. 642, 648-650 (2017).
The judge identified the correct legal principles and standards in her detailed decision; there is nothing to indicate that she was unaware of the pertinent legal framework. Indeed, on page nine of her decision, the judge explicitly and correctly identified the pertinent factors to be considered and, on pages eight through ten, she correctly stated the governing legal principles. In the following pages of her decision, the judge discussed her rationale for each and every one of the Yannas factors, and included her salient findings as to each. After that, the judge evaluated the real advantage to the mother against the best interests of the child, and concluded that it is not in the child's best interests to be removed to Pennsylvania. In short, the judge's decision reflects both her understanding of the correct legal principles and her reasoning as to each of the Yannas factors.
The mother, however, challenges the judge's decision on the ground that the judge's findings are "inadequate" (nota bene, not "clearly erroneous") in the sense that the judge did not consider all the Yannas factors and, accordingly, that the judge abused her discretion or made an error of law. See Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 486 (2012) ("the absence of evidence in support of findings, or the failure of the findings to support the judge's orders will constitute 'an abuse of discretion' and require reversal"). We are not persuaded. As to some of the specific matters about which the mother complains there was no finding, the judge cannot be criticized where the mother did not introduce evidence on the point.[3] As to others, the evidence was conflicting, and it was for the judge to resolve which evidence she credited and how to weigh it.[4]
It is true, as the mother argues, that "[a]n evaluation of the best interests of the child requires attention to whether the quality of the child's life may be improved by the change (including any improvement flowing from improvement in quality of custodial parent's life)." Yannas, supra at 711. This is because "the best interests of a child are so interwoven with the well-being of the custodial parent." Id. at 710, quoting from Cooper v. Cooper, 99 N.J. 42, 54 (1984). Often, the positive impact on the custodial parent will result in a positive impact on the child. See, e.g., Williams v. Pitney, 409 Mass. 449, 455 (1991) (finding financial stress and unhappiness of custodial parent in not being allowed to move "would adversely affect the children"); Miller, supra at 656 (finding that improvement in custodial parent's financial and social status would improve lives of children). It is also-equally true that the judge did not make an explicit finding about whether the benefit to the mother of moving to Pennsylvania resulted in improvement to the child or to what degree. However, it does not follow that the judge failed to consider the matter. Indeed, it is clear from the judge's rationale and other findings that she acknowledged the significant financial and other benefits to the mother of the move to Pennsylvania. However, the judge thought they were only part of the picture of important factors to be considered from the perspective of the child and, moreover, they did not outweigh the benefits to the child of remaining in Massachusetts.
Finally, the mother argues it was an abuse of discretion to deny her request to remove the child to Pennsylvania. Although the mother presented evidence to show that she obtained real and concrete benefits for herself and the child when she moved to Pennsylvania, it remained within the judge's discretion-after assessing the credibility of the witnesses, the weight of the evidence, and the interests of all parties-to conclude that it was in the child's best interests not to be removed from Massachusetts. The judge was entitled to credit the father's testimony regarding his pre-removal involvement in the child's life and to the positive changes in his circumstances, to give weight to the importance of the child's relationships with her extended family, to the child's expressed wish to remain in Massachusetts, and to the strain and stress on the child of traveling thirteen hours round trip every other weekend to Massachusetts. See, e.g., Dickenson, 66 Mass. App. Ct. at 449. The judge's conclusion that there were "clear and significant negative effects on the child and [f]ather which are not outweighed by the benefits that would inure to [m]other" cannot be said to lie outside the range of permissible conclusions.[5]
For the reasons set out above, the order denying the motion to remove the child is affirmed.
So ordered.
Affirmed.

The language applies with equal force to a child who, like the child here, is born out of wedlock with two legal parents. See Smith v. McDonald, 458 Mass. 540, 546 (2010).

For this reason, no finding was required regarding the child's relationship with the mother, how that relationship would be affected whether the child was removed or not, and the ease or availability of alternate forms of interstate travel.

Thus, although there was evidence of greater financial means and structure in the mother's new household in Pennsylvania, there was also evidence that the child had experienced change and disruption as a result of the mother's unilateral removal from Massachusetts. For example, the mother admitted that the child had switched schools three times in three years. These differences were for the judge to reconcile as the finder of fact, and she was not required to make a finding based on the mother's view of the evidence. Similarly, it was for the judge to determine what weight to give to the child's relationship with her extended family in Massachusetts.

We note that circumstances may change or evolve going forward and that the mother may at that time seek a modification of the current order if there is a material change in circumstance.